MAXINE A. PENNINGTON, Plaintiff-Appellant, v. ROBERT H. JONES, Defendant-Appellee.

Third District   No. 76-223

Opinion filed February 23, 1977.

Paul B. Youle, of San Jose, for appellant.

Robert H. Jones, Ltd., of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiff, Maxine Pennington, appeals from a judgment entered on the pleadings in favor of defendant, Robert H. Jones, in the Circuit Court of Peoria County. The sole issue is whether the trial court properly granted defendant's motion to dismiss.

The complaint, setting forth an action in negligence alleged that plaintiff was involved in an out-of-State traffic accident in May, 1971, and sustained injuries; that the other motorist was uninsured and indigent; the plaintiff had uninsured motorist coverage under an Illinois insurance policy; that recovery of damages under this policy was only available to an insured who instituted arbitration proceedings within one year of the accident; that she retained the defendant as her attorney in the matter during September 1971 and supplied him with all relevant information, including the insurance policy; and that defendant undertook to represent her but failed to institute arbitration proceedings at any time. The complaint filed by her newly acquired attorney asked for $10,000 damages, which represented the maximum amount recoverable under the policy, and was filed together with a jury demand on October 24, 1975.

On January 21, 1976, defendant filed a motion to dismiss the complaint under section 48(1)(f) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(f)) on the basis that plaintiff's claim against him had been released. In accordance with this section, defendant's motion was supported by affidavit. A copy of the release was also attached to the motion.

On February 2, 1976, plaintiff filed an affidavit in opposition to defendant's motion to dismiss which stated that there was no consideration for the release and that defendant misrepresented facts and overreached the plaintiff in obtaining her signature to the release. Subsequently, defendant filed a counteraffidavit denying the allegations contained in plaintiff's affidavit. On March 29, 1976, the motion to dismiss was granted.

■■ At the outset we note that defendant has not filed a brief in this appeal. Formerly we might have reversed the trial court's judgment *pro forma* under such circumstances, but the recent supreme court decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63

Ill. 2d 128, 345 N.E.2d 493, now precludes our doing so. As indicated in that opinion, where the record is simple and the claimed errors are such that an appellee's brief is unnecessary, a court of review should decide the merits of the appeal. This is the situation presented by the instant case.

■■■ Of course, a motion to dismiss admits all facts well pleaded and a cause of action should not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. (*Country Mutual Insurance Co. v. Drendel* (2d Dist. 1969), 116 Ill. App. 2d 466, 252 N.E.2d 757; *Johnson v. North American Life & Casualty Co.* (5th Dist. 1968), 100 Ill. App. 2d 212, 241 N.E.2d 332.) We will assume, therefore, that the defendant undertook to represent the plaintiff as her attorney in the matter of her insurance claim but failed to do adequately.

The defendant does not appear to deny this but rather contends that she released him from all liability. The copy of the release attached to his motion to dismiss constitutes a part of the pleadings in this case. (Ill. Rev. Stat. 1975, ch. 110, par. 36.) Nonetheless, plaintiff alleged facts in her affidavit in opposition to the motion which would negate its validity. Defendant, in turn, challenged these allegations in his counteraffidavit.

■■ If a material and genuine question of fact is raised in an action at law where a jury demand has been filed by the party in opposition to the motion to dismiss, the trial court must deny the motion. (Ill. Rev. Stat. 1975, ch. 110, par. 48(3); see *Habada v. Graft* (2d Dist. 1975), 33 Ill. App. 3d 810, 338 N.E.2d 255.) We note that this was an action at law and that plaintiff filed a jury demand at the same time she filed her complaint. In our opinion, the pleadings in this case raised a material and genuine question of fact relating to the validity of the purported release, especially since the case involved matters between an attorney and client, which is a fiduciary relationship as a matter of law, and all transactions growing out of such a relationship are subject to the closest scrutiny. *Drake v. Becker* (1st Dist. 1973), 14 Ill. App. 3d 690, 303 N.E.2d 212.

For the reasons set forth herein, the judgment of the Circuit Court of Peoria County is reversed and this case is remanded to that court for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.