MARVEL ENGINEERING COMPANY, Plaintiff-Appellant, v. MATSON, DRISCOLL & D'AMICO *et al.*, Defendants-Appellees.

Second District No. 2—85—0780

Opinion filed December 8, 1986.

Christopher A. Hansen and Robert Meyer, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Steven H. Mora, of Karon, Morrison & Savikas, and David L. Liebman III, both of Chicago, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Marvel Engineering Company, appeals from an order of the circuit court dismissing its complaint against the defendants, Matson, Driscoll & D'Amico; Norman Matson; and Johnson Atwater & Company, as barred by the statute of limitations. Plaintiff contends that: (1) amendment of the original complaint nullified the motion to dismiss and order of dismissal; (2) defendants' motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) was improper because the limitations bar is not apparent from the face of the complaint; (3) plaintiff's suit was timely filed; and (4) the circuit court erred in weighing the evidence in ruling on the motion to dismiss.

Plaintiff manufactures, assembles, and sells hydraulic filter systems, and on December 11, 1974, a fire completely destroyed plaintiff's Skokie plant. At the time of the fire, plaintiff was insured by Commercial Union Insurance Company for $4.3 million by a policy covering building, inventory, machinery, equipment, and business-interruption losses. Commercial Union retained the accounting firm of Johnson, Atwater & Company (JACO) to verify plaintiff's claims, and during 1975 and 1976, JACO audited plaintiff's books and records. At some point in time, the firm of Matson, Driscoll and D'Amico acquired JACO's accounting practice and assumed the audit under the direction of defendant Norman Matson.

Plaintiff filed claims with Commercial Union for building, machinery, inventory, and business-interruption losses, of which Commercial Union paid only part of the claimed inventory loss and refused to pay any of the claimed business-interruption loss. Commercial Union noti-

fied plaintiff of its claim denials by letter dated October 7, 1976, and in November 1976, plaintiff filed a complaint for breach of contract against the insurance company. As a defense, Commercial Union alleged that the insurance policy was void because plaintiff had fraudulently misstated the amount of loss and had deliberately underestimated the value of its inventory so as to avoid the coinsurance clause which would have resulted in a reduction of coverage. In January 1982, after a jury trial, judgment was entered in favor of plaintiff and against Commercial Union in the amount of $2,124,623.79. On appeal, this court affirmed the judgment. *Marvel Engineering Co. v. Commercial Union Insurance Co.* (1983), 118 Ill. App. 3d 844, 455 N.E.2d 545.

In January 1984, Marvel filed a six-count complaint against the present defendants, sounding in tort and contract, alleging essentially that defendants did not properly exercise their duties in the performance of accounting services in connection with their review of plaintiff's claim. On June 21, 1984, defendants filed motions to dismiss the complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—615, 2—619). Defendants' section 2—619 motion alleged that the action was barred by the statute of limitations. In December 1984, the circuit court granted the section 2—615 motion as to counts II, IV, V, and VI, and on January 18, 1985, plaintiff filed an amended six-count complaint. On May 30, 1985, the circuit court granted defendants' section 2—619 motion to dismiss as to all the counts on the statute of limitations ground.

■ First we address plaintiff's contention that the order of dismissal is void because defendants' section 2—619 motion was directed to plaintiff's original complaint, which was subsequently amended. This argument rests on the principle that an amended pleading which neither refers to nor adopts the prior pleading ordinarily supersedes it (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272, 193 N.E.2d 833; *Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991, 994, 376 N.E.2d 660), so that subsequent proceedings in the case are regarded as based upon the amended pleading. (*Claude Southern Corp. v. Henry's Drive-In, Inc.* (1964), 51 Ill. App. 2d 289, 296, 201 N.E.2d 127, *appeal denied* (1965), 31 Ill. 2d 629; *Wright v. Risser* (1937), 290 Ill. App. 576, 581, 8 N.E.2d 966.) Plaintiff concludes that its amended complaint was thus not subject to the motion to dismiss directed to its original complaint and could not be dismissed on the grounds there urged.

■ Although defendants' motion to dismiss was followed by an amendment of the complaint, it is apparent that the court treated the

motion as directed to plaintiff's amended complaint. First, we note that the statute of limitations defense was based on the fact that the insurance claim was denied in 1976 and suit was not filed until 1984, and the amended complaint did not differ from the original in this respect. Second, the fact that the complaint had been amended was not raised until plaintiff moved for reconsideration of the order of dismissal. Implicit in the trial court's denial of the motion to reconsider is the conclusion that the motion to dismiss was considered to be addressed to the amended complaint, and we conclude the order of dismissal is not void.

■ Plaintiff next contends that the limitations defense was raised improperly by way of a section 2—619 motion because the limitations bar was not apparent on the face of the complaint. The statute of limitations is an affirmative defense which cannot be raised by a section 2—619 motion unless it affirmatively appears from the pleading attacked that the cause of action is barred as untimely. *Burnett v. West Madison State Bank* (1940), 375 Ill. 402, 408, 31 N.E.2d 776; *Pumala v. Sipos* (1985), 131 Ill. App. 3d 845, 847, 476 N.E.2d 462.

■ Plaintiff's amended complaint, which sounds in tort and unwritten contract, is governed by the five-year statute of limitations. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) Commencing at paragraph 14 of the amended complaint, plaintiff alleges that defendant accountants reviewed plaintiff's books and records in 1975 and 1976 and reported evidence of fraud to Commercial Union; that the report resulted in the denial of plaintiff's claims; and that *thereafter* plaintiff was required to file suit against Commercial Union in a case numbered 76 L 1019. Although the complaint does not allege the precise dates, it may be reasonably inferred that plaintiff's claims were denied in 1976 and its action against the insurer filed sometime in 1976, as indicated by the case number. Since defendants' conduct in recommending denial of the claims occurred no later than 1976, and the present suit was commenced in 1984, the limitations bar was apparent from the face of the complaint and was properly raised in a section 2—619 motion.

In granting the motion to dismiss, the circuit court found that the alleged injury to the plaintiff occurred on or about October 7, 1976, the date plaintiff's claims were denied by Commercial Union, and that the statute of limitations began to run on that date or on November 8, 1976, the date plaintiff filed its suit against the insurer. Plaintiff advances several arguments why its suit against the defendants was not barred by the statute of limitations.

In the present action, plaintiff seeks damages against defendants

for attorney fees and costs it incurred in bringing the suit against Commercial Union. It argues that the cause of action against the defendants did not arise until the conclusion of its suit against Commercial Union, which would be either when the judgment was entered or was affirmed on appeal.

■ Where the wrongful acts of a defendant involve the plaintiff in litigation with third parties, plaintiff may recover damages against the wrongdoer, measured by the reasonable expenses of such litigation, including attorney fees. (*Ritter v. Ritter* (1943), 381 Ill. 549, 554, 46 N.E.2d 41; *Philpot v. Taylor* (1874), 75 Ill. 309, 311; *Nalivaika v. Murphy* (1983), 120 Ill. App. 3d 773, 776, 458 N.E.2d 995.) Plaintiff asserts that the prior and present actions could not have been brought jointly as plaintiff's success in the prior action was determinative of its rights against the present defendants. Plaintiff relies on the case of *Kelly v. Chicago Park District* (1951), 409 Ill. 91, 98 N.E.2d 738, in which city employees brought consecutive actions for reinstatement and back pay. On appeal, the court held:

> "Where a party's success in one action is a prerequisite to his right to maintain a new action, the Statute of Limitations does not run as to the new action until the determination of the pending suit, which decides whether the new right exists." 409 Ill. 91, 95-96, 98 N.E.2d 738.

■ We do not consider that the rule stated in *Kelly* applies to the facts of the present case. It is permissible to join an action against a third party for the expenses of suit with the main action as was done in the cases of *National Wrecking Co. v. Coleman* (1985), 139 Ill. App. 3d 979, 487 N.E.2d 1164; *Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 485 N.E.2d 1105, *appeal denied* (1986), 111 Ill. 2d 31; and *Nalivaika v. Murphy* (1983), 120 Ill. App. 3d 773, 458 N.E.2d 995. Plaintiff's argument that its cause of action for fees could not have been commenced until after he prevailed in his action against the insurance company is not persuasive.

■■ Plaintiff also contends that defendants continued to render Commercial Union accounting advice relating to plaintiff's claim throughout the earlier litigation, and argues that the statute of limitations did not begin to run until the conclusion of that suit. Where a tort involves repeated injury, the limitations period begins to run from the date of the last injury or when the tortious acts cease. (*Starcevich v. City of Farmington* (1982), 110 Ill. App. 3d 1074, 1079, 443 N.E.2d 737.) In its amended complaint, plaintiff alleges that defendants misrepresented the existence of fraud in the proofs of loss, that defendants' misrepresentation caused Commercial Union to deny plaintiff's

claims, and that defendants failed to observe certain accounting standards in reporting fraud to the insurer. It is apparent that the wrongful conduct of which plaintiff complains occurred prior to the denial of plaintiff's claim and did not constitute a continuing wrong.

■ Plaintiff also argues the applicability of the discovery rule which provides that the statute of limitations starts to run when a person knows or reasonably should have known of his injury and that it was wrongfully caused. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415, 430 N.E.2d 976; *Nelligan v. Tom Chaney Motors, Inc.* (1985), 133 Ill. App. 3d 798, 804, 479 N.E.2d 439; *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 241, 472 N.E.2d 563, *appeal denied* (1984), 102 Ill. 2d 559.) A party is obligated to inquire further to determine whether an actionable wrong was committed. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864; *Aspegren v. Howmedica, Inc.* (1984), 129 Ill. App. 3d 402, 403, 472 N.E.2d 822.) The purpose of a statute of limitations is not to shield a wrongdoer but to discourage the presentation of stale claims and to encourage diligence in the bringing of actions. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 137, 334 N.E.2d 160; *People ex rel. La Salle National Bank v. Hoffman Estates Park District* (1985), 134 Ill. App. 3d 571, 577, 481 N.E.2d 12, *appeal denied* (1985), 108 Ill. 2d 567.

Plaintiff asserts that prior to 1981, it was unaware and unable to determine that the claim denials were based on defendants' misrepresentations of fraud. Defendants argue that plaintiff should have known of defendants' involvement in the claims process when its claims were denied on October 7, 1976, but that plaintiff was not diligent in inquiring into a possible cause of action against them. The record shows that for an entire year the auditors worked closely with the plaintiff in reviewing the fire loss and examining plaintiff's books and records. Commercial Union denied plaintiff's claims on October 7, 1976, and a month later plaintiff filed suit against it. Commercial Union initiated discovery in March 1978, but plaintiff did not conduct any discovery until February 1981, when it submitted interrogatories to Commercial Union. In its answers to the interrogatories, Commercial Union stated that the auditors had knowledge pertaining to the claim denials and referred to a report submitted by them dated January 28, 1977. In April 1981 plaintiff deposed Norman Matson and learned of defendants' preparation of reports submitted to Commercial Union upon which the insurer based its denials of the claims.

■ It is apparent that from the day the audit was commenced, plaintiff knew of the defendants' involvement in the review of its

claim and should have known that defendants were involved in connection with the claims denials. Plaintiff should have inquired into the reasons for the claims denials but delayed such inquiry until nearly four years after filing suit against the insurer. Even when plaintiff learned of the basis for the denials, it waited nearly three more years before filing suit against the present defendants. Under the discovery rule, plaintiff knew it was injured when its claim was denied and, knowing that the defendants were involved in evaluation of the claim, should have inquired into whether it had a cause of action against them. We conclude that plaintiff's lack of diligence precludes application of the discovery rule in its favor.

■■■ Plaintiff also contends that defendants' fraudulent concealment of their involvement in the claim denial tolled the running of the statute of limitations under section 22 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 23), which is now section 13—215 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—215). Section 22 provided:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards."

The record shows that during the course of the audit and subsequent lawsuit against Commercial Union, the parties disagreed over the production of records by the plaintiff. Commercial Union sought access to records which the accountants stated they required in order to state an opinion; plaintiff refused to produce the documents. From 1978 to 1980, defendants continued to advise plaintiffs that they had not reached a final opinion, although defendants had submitted oral reports to Commercial Union from 1975 to 1977 and had submitted a written report on January 28, 1977.

Section 13—215 requires that a party affected by the fraud use ordinary diligence in discovering it. (*Zagar v. Health & Hospitals Governing Com.* (1980), 83 Ill. App. 3d 894, 898, 404 N.E.2d 496; *Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 867, 272 N.E.2d 53.) Assuming the defendants' representations that they had not reached a final opinion were false, plaintiff still had an adequate opportunity in the litigation with Commercial Union to discover the existence of the defendants' reports but did not seek to do so. Having failed to act diligently, plaintiff cannot now avail itself of the tolling provision of section 13—215.

■■■ ■ Nor are defendants estopped by their representations

from raising the statute of limitations. An estoppel arises if a party induces his adversary into delaying bringing a cause of action within the limitation period. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 159, 421 N.E.2d 869; *Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 763, 455 N.E.2d 246, *appeal denied* (1983), 96 Ill. 2d 566.) The "lulling" period must not have expired before the limitations period. (*Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 763, 455 N.E.2d 246, *appeal denied* (1983), 96 Ill. 2d 566; *Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 274-75, 197 N.E.2d 860.) In the present case, the statute of limitations expired on or about October 7, 1981. Since the alleged misrepresentations were made between 1978 and 1980, plaintiff still had sufficient opportunity to bring suit against the defendants after the "lulling" period expired.

Last, plaintiff contends the circuit court erred in weighing the evidence in ruling on defendants' motion to dismiss. A motion to dismiss should not be allowed if material facts are controverted (*Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 493, 477 N.E.2d 1249; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114, 387 N.E.2d 878; *Pennington v. Jones* (1977), 46 Ill. App. 3d 65, 67, 360 N.E.2d 566), and, in ruling upon a motion to dismiss, the trial court may not weigh the evidence (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114, 387 N.E.2d 878; *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 599, 283 N.E.2d 492). Based upon the trial judge's remarks in granting the motion to dismiss, plaintiff argues that the judge weighed the evidence in considering the application of the discovery rule and the doctrine of fraudulent concealment.

The record disclosed the following undisputed material facts. When a fire destroyed plaintiff's Skokie plant in December 1974, plaintiff submitted loss claims to its insurer, Commercial Union. For one year defendant accountants audited plaintiff's books and records related to the claim. In October 1976, Commercial Union denied the claim for business interruption loss and part of the claim for inventory loss, whereupon in November 1976, plaintiff sued Commercial Union. In January 1977, defendants set forth their findings of fraud in a letter to Commercial Union. In February 1981, plaintiff commenced discovery in its suit against Commercial Union. In January 1984, plaintiff filed suit against the present defendants. Based on these facts, there remained no question whether the discovery rule applied; plaintiff knew or should have known of a cause of action against the defendants when its claim was denied in 1976. There also remained no question as to the defense of fraudulent concealment;

plaintiff was not diligent in seeking the reasons for the claims denials even though it had available to it the vehicle of discovery in the litigation with Commercial Union. Plaintiff had ample time within which to learn of its cause of action against defendants and file suit within the limitations period. We conclude that the trial judge did not weigh the evidence and properly granted the motion to dismiss.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.