JACOB E. FARKAS *et al.*, Plaintiffs-Appellants, v. JEROME H. HOWARD *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 88—1406

Opinion filed November 30, 1988.

Ordower & Ordower, P.C., of Chicago (Lawrence B. Ordower, of counsel), for appellants.

Jaros, Tittle & O'Toole, of Chicago (Louis R. Shroeder, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, Jacob E. Farkas and Ronald A. Horwitz, filed their original complaint for injunctive and other relief against several defendants in the circuit court of Cook County on April 14, 1978. On April 7, 1988, the trial court entered judgment on the pleadings on count I of plaintiffs' third amended complaint in favor of defendant Talman Home Federal Savings & Loan Association of Illinois (Talman), the successor in interest to defendant Home Federal Savings & Loan Association of Chicago (Home). Plaintiffs appeal.

Count I of the original complaint alleged, *inter alia,* that plaintiffs and defendant Jerome H. Howard were general partners in a partnership owning a nursing home in Homewood, Illinois, known as the Homewood Rehabilitation Center (Center), that Howard had misappropriated the Center property and transferred it to Health Care Ventures Ltd., a partnership between Howard and the other named

individual defendants. Count I also alleged that Home was the mortgagee of the Center property but, like the remainder of the complaint, contained no other allegations against Home. Count II alleged certain breaches by Howard of a contract entered into on September 8, 1977, for the purchase of plaintiffs' interests in the Center. Count III alleged that, to induce plaintiffs to enter the contract, Howard misrepresented that certain individual defendants were not members of the investor group which he represented. It also alleged that Howard transferred all or part ownership of the Center to those investors as partners in Health Care Ventures Ltd. or as shareholders in Suburban Health Care Corporation, formed by Howard to operate the Center. Plaintiffs prayed, *inter alia,* for a rescission of the contract with Howard and that all defendants be enjoined from alienating their interests in the Center property. Neither the first amended complaint, filed on May 11, 1978, nor the second amended complaint, filed April 27, 1982, contained any new allegations against Home.

Plaintiffs filed their third amended complaint on May 5, 1986. Count I thereof contained new allegations against Home. In brief, plaintiffs alleged that Home had conspired with Howard in (a) the recasting of the mortgage on the Center property, and (b) its assumption by Howard and defendants Richard Wanland, Richard Johnson and Ralph Edgar, to the exclusion of plaintiff Farkas. Also for the first time, plaintiffs sought monetary damages from Home. However, the counts seeking such damages were dismissed pursuant to Talman's motion under section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—615).

Talman .then filed an affirmative defense to count I of the third amended complaint. Talman asserted that the acts of Home complained of therein occurred on or about July through September 1977. As such, it asserted, plaintiff's cause of action based thereon was barred by the "catchall" five-year statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) Thereafter, Talman filed a motion for judgment on the pleadings under section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) based on its affirmative defense, which the trial court granted.

On appeal, plaintiffs first contend that the third amended complaint grew out of the same transaction or occurrence set up in their original complaint (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342), *viz.,* plaintiffs' dealings with defendants Howard, Wanland, Johnson and Edgar regarding the Center and Home's/Talman's mortgage on the Center property. As such, they conclude that the third amended complaint was properly filed under section 2—616(b) of the

Civil Practice Law. Ill. Rev. Stat. 1985, ch. 110, par. 2—101 *et seq.*

■ Section 2—616(b) provides that a cause of action set up in an amended pleading is not barred by a statute of limitations if: (a) the limitations period had not expired when the original pleading was filed; and (b) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. If those requirements are met, the amended pleading relates back to the date of filing of the original pleading. Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).

As one of their affirmative defenses to the first amended complaint, defendants asserted that Home would not release Howard, Wanland, Johnson and Edgar from the "obligation they assumed pursuant" to plaintiffs' contract with Howard and would not accept plaintiffs' substitution on that obligation. Plaintiffs assert that this affirmative defense reveals Home's, and thus Talman's, awareness of: (1) the fact that plaintiffs were seeking rescission of the contract with Howard; (2) the consequences to Home and Talman if a rescission were granted, *i.e.,* release of Howard, Wanland, Johnson and Edgar as the mortgage debtors and substitution of plaintiffs as such; and (3) the fact that plaintiffs had to prove actual or constructive fraud, breach of a confidential relationship or misrepresentation to obtain a rescission. (*Roberts v. Sears, Roebuck & Co.* (N.D. Ill. 1979), 471 F. Supp. 372, *vacated on other grounds* (7th Cir. 1980), 617 F.2d 460, *cert. denied* (1980), 449 U.S. 975, 66 L. Ed. 2d 237, 101 S. Ct. 386.) They therefore conclude that the allegations of the third amended complaint concern only one transaction and, thus, that the new allegations against Talman therein arose out of the same transaction or occurrence as the first amended complaint, which, like the original complaint, was filed within the five-year limitations period.

■ We disagree with plaintiffs that the transactions or occurrences set up in the complaints preceding the third amended complaint were their dealings with defendant Howard *and* Home's/ Talman's mortgage on the Center property.

Beyond alleging that Home was the mortgagee of the Center property, no prior count I contained any allegations whatsoever with respect to the mortgage, its recasting by Home or its assumption by anyone. Plaintiffs' contract with Howard provided, with respect to the Home mortgage, only that Howard would secure plaintiff Farkas' release from the mortgage, the guarantee thereof and a mortgage foreclosure action filed by Home. No prior count II alleged that Howard had breached these provisions. Lastly, each prior count III set up only

the two transactions we previously noted in the original complaint. Significantly, before the third amended complaint, plaintiffs never alleged that anyone had assumed, had attempted to or was attempting to assume the Home mortgage on the Center property as part of their dealings with Howard or any other defendant. As such, the allegations against Home in the third amended complaint cannot reasonably be said to have grown out of the transactions or occurrences set up in any of the prior complaints.

However, even conceding the contrary, in view of the fact that the affirmative defense cited by plaintiffs admits that Howard, Wanland, Johnson and Edgar assumed the Center mortgage pursuant to plaintiffs' contract with Howard, we do not believe that section 2—616 contemplates the relation back of the new allegations of the third amended complaint under the circumstances of this case.

■ Although they have opposite results, section 2—616 and statutes of limitations have the same end. (See *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 49, 203 N.E.2d 415.) That end is to afford a defendant a fair opportunity to investigate the circumstances upon which his liability is based while the facts are accessible. (*Roth,* 32 Ill. 2d 40; *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540.) As such, section 2—616, like a statute of limitations, must be construed and implemented to fulfill its objects. (See *Mathis v. Hejna* (1969), 109 Ill. App. 2d 356, 248 N.E.2d 767; *Wetzel v. Hart* (1963), 41 Ill. App. 2d 371, 190 N.E.2d 619.) However, because it allows the avoidance of statutes of limitation, the reasons for applying section 2—616 exist when those for applying those statutes do not, *i.e.*, " 'when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct.' " *Geneva Construction Co.,* 4 Ill. 2d at 290, quoting *New York Central & Hudson River R.R. Co. v. Kinney* (1922), 260 U.S. 340, 346, 67 L. Ed. 294, 296, 43 S. Ct. 122, 123.

■ In light of the foregoing principles, we conclude that plaintiffs could not, for the first time in their third amended complaint, predicate their cause of action for rescission of the agreement with Howard on specific misconduct of Home in addition to the misconduct of the individual defendants exclusively relied upon in the prior complaints. In those complaints, Home's and Talman's liability to plaintiffs was in the nature of a derivative liability only, *i.e.*, a liability predicated on the alleged fraud of the individual defendants, especially Howard. We will assume, for purposes of this opinion, that rescission of plaintiffs' contract with Howard would have required

Home or Talman to release the individual defendants from the recast mortgage which they assumed under the contract and to accept plaintiffs as the mortgage debtors. However, only in the third amended complaint did plaintiffs also predicate the liability of all defendants, including Talman, on alleged misconduct of Home in conspiring with Howard to exclude plaintiff Farkas from the recasting and assumption of the mortgage. The new allegations of misconduct of Home, if allowed to stand, would thus have provided an additional or independent factual basis for the liability of all defendants.

Under those circumstances, allowing the new allegations of misconduct by Home to stand would be fundamentally unfair to Talman. It would deprive Talman of a fair opportunity to investigate *all* of the facts upon which its liability was based at a time when those facts were reasonably accessible to it. Allowing the third amended complaint to relate back to the filing of the original complaint would thus defeat rather than facilitate the end of both the five-year statute of limitations and section 2—616.

■ Neither Talman nor Home had notice from the beginning that the plaintiffs were trying to enforce a claim against them because of any conduct on Home's part. As such, the reasons for application of the statute of limitations and against application of section 2—616 exist in this case. In this regard, we find utterly meritless the contention that the third amended complaint was proper because Talman already knew: (1) that fraud was the basis of the cause of action allegedly stated against all defendants; (2) that plaintiffs were seeking rescission of the contract with Howard; (3) the consequences to it if rescission were granted; and (4) its "burden" in avoiding the relief requested. Knowledge of the facts or specific conduct allegedly giving rise to liability is the test for the relation back of amended pleadings, not simply knowledge of the facts as cited by plaintiffs.

■ Plaintiffs next contend the trial court erred in ruling that Talman properly raised the statute of limitations defense in a motion under section 2—619 of the Civil Practice Law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) They note that a section 2—619 motion is not the proper method to raise a statute of limitations defense if the defense does not affirmatively appear on the face of the pleading attacked. (*Marvel Engineering Co. v. Matson, Driscoll & D'Amico* (1986), 150 Ill. App. 3d 787, 792, 501 N.E.2d 948.) They assert that such was the case here. They further assert that, to supply dates lacking in the third amended complaint, Talman improperly relied on an affidavit submitted with its motion and portions of the discovery deposition of plaintiff Farkas, which were appended to the affidavit.

We also reject these contentions.

Paragraphs 25 through 31 of count I of the third amended complaint allege the following: (1) Farkas and Howard were negotiating "during 1977" concerning the sale of the nursing home; (2) both men knew that the Center could not be sold unless Home allowed assumption of the mortgage or recast it; (3) "[i]n 1977" the mortgage was in default and Home instituted a foreclosure proceeding; (3) Howard instructed Home not to deal with Farkas concerning any assumption or recasting of the mortgage; (4) Home followed those instructions; (5) Home told Farkas that he could not keep his interest in the Center if other parties with additional funds offered to buy it; and (6) on or about September 8, 1977, plaintiffs contracted for Howard's purchase of their Center interests. Paragraphs 37 through 39 allege the following: (1) Home recast the mortgage and allowed Howard, Wanland, Edgar and Johnson to assume the mortgage and obtain an extension of credit to operate the Center; and (2) Howard induced plaintiffs to enter the September 8, 1977, contract by misrepresenting that Home would not extend credit to Farkas if he remained as an owner but would continue with its foreclosure action.

The third amended complaint does not allege the precise dates on which the actions of Home amounting to a conspiracy with Howard occurred. However, it is a reasonable inference from the foregoing allegations that those actions occurred no later than September 1977. Since the third amended complaint was filed in 1986, the five-year limitations bar was apparent from the face of the complaint and use of a section 2—619 motion was proper. (*Marvel Engineering Co.,* 150 Ill. App. 3d at 792.) For that reason, any error in Talman's submission of an affidavit and plaintiff's discovery deposition in support of its motion was harmless.

For all of the foregoing reasons, the order entering judgment on the pleadings for Talman Home Federal Savings & Loan Association is affirmed in its entirety.

Affirmed.

WHITE, P.J., and RIZZI, J., concur.