THE PEOPLE *ex rel.* LA SALLE NATIONAL BANK, as Trustee, Plaintiff-Appellee, v. HOFFMAN ESTATES PARK DISTRICT, Defendant-Appellant.

First District (5th Division)   No. 1—90—1985

Opinion filed October 23, 1992.

Jack M. Siegel, of Chicago, for appellant.

Joel S. Feldman and Joel Shapiro, both of Sachnoff & Weaver, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, the Hoffman Estates Park District (Park District), appeals from an order entered after a bench trial ousting it from jurisdiction over land owned by plaintiff, La Salle National Bank, based on a finding that the Park District unlawfully annexed the land. The judge awarded plaintiff $278,136.42 in damages which was a refund of taxes paid and prejudgment interest. The Park District raises several arguments on appeal; we need only consider whether, under the doctrine of law of the case, plaintiff's action

was barred by the one-year statute of limitations. For the following reasons, we reverse.

On August 22, 1978, the Village of Hoffman Estates (Village), pursuant to a petition by the owners, adopted an ordinance annexing six parcels of land totaling about 150 acres. Plaintiff held about 117 acres of this land in trust number 54757 and 19 acres in trust number 103427 for the benefit of Ned-Prop, which was a joint venture. About 10 acres of the annexed land was a public highway. An annexation agreement with the Village allowed for the development of the Poplar Creek Music Theater on the land.

Before the land was annexed to the Village, plaintiff told the Park District that it would also voluntarily annex the land to the Park District if the Park District would support the annexation of the land to the Village. An official of the Park District appeared at a hearing and supported the annexation of the property to the Village. At the time the Village annexed the property, section 3—10 of the Park District Code did not limit the period of time within which a park district could pass an ordinance to annex land previously annexed by a municipality. Ill. Rev. Stat. 1977, ch. 105, par. 3—10.

Beginning in September of 1978, plaintiff and the Park District discussed the voluntary annexation of the land to the Park District. While plaintiff and the Park District were negotiating, section 3—10 was amended, effective September 14, 1979, and prohibited a park district from passing an ordinance to forcibly annex land in excess of 120 acres more than one year after a municipality had annexed the land. (Ill. Rev. Stat. 1979, ch. 105, par. 3—10.) In April of 1980, negotiations between the Park District and plaintiff broke down and the Village mayor informed plaintiff's attorney that the Park District would forcibly annex the property. After researching the area, plaintiff's attorney concluded that the Park District did not have the authority to forcibly annex plaintiff's property by passing an ordinance under section 3—10.

On December 16, 1980, the Park District adopted an ordinance under section 3—10 forcibly annexing the same land that the Village annexed in 1978 which included plaintiff's property. The ordinance was passed on one resolution and one vote. The Park District's attorney was aware of the amendment to section 3—10 when he drafted the ordinance and included the statement that "[e]ach parcel shall be considered a separate and distinct annexation of territory to the [Park District]." The ordinance was recorded on December 24, 1980. The Park District posted a notice in its office that the property was annexed and published a notice in a local newspa-

per. After annexation, the Park District levied taxes on the property.

Plaintiff and the Park District did not communicate from April of 1980 until December 29, 1981. On that date, in a conversation on a different matter, plaintiff's attorney learned from the Park District's attorney that the property was annexed to the Park District.

Plaintiff, as trustee under trust number 54757, requested the State's Attorney and the Attorney General to bring an action on its behalf against the Park District. The requests were denied. Plaintiff instituted this action on June 11, 1982, challenging the Park District's annexation of its property and requesting a refund of taxes paid. The trial judge, on October 19, 1982, granted plaintiff leave to file a *quo warranto* complaint. Subsequently, plaintiff filed a motion to add trust number 103427 as a plaintiff which was granted after trial.

The Park District answered the complaint and asserted several affirmative defenses including the statute of limitations.

The Park District moved for summary judgment, arguing that plaintiff's action was barred by the one-year statute of limitations in section 3—14 of the Park District Code (Ill. Rev. Stat. 1991, ch. 105, par. 3—14). The trial judge granted the motion and plaintiff appealed. The appellate court reversed and remanded that decision, holding that the resolution of the statute of limitations issue was premature before reviewing the propriety of the Park District's exercise of its annexation powers. *People ex rel. La Salle National Bank v. Hoffman Estates Park District* (1985), 134 Ill. App. 3d 571, 481 N.E.2d 12.

On remand, the trial judge, relying on the appellate court's opinion, struck the Park District's affirmative defense of statute of limitations.

After a bench trial, the judge found in favor of plaintiff and ordered the Park District ousted from jurisdiction over the land. The judge found that the Park District did not have authority to annex plaintiff's property under section 3—10 because the annexed territory was more than 120 acres. He stated that the Park District's wording of the ordinance "appear[ed] to be a calculated attempt to circumvent the language of the amendment to section 3—10." Plaintiff was awarded $231,769.31 as a refund for taxes paid and $46,367.90 for prejudgment interest. The Park District now appeals.

OPINION

The Park District argues that in the first appeal of this case the appellate court did not conclusively decide whether the Park District could assert a statute of limitations defense. (See *La Salle National Bank*, 134 Ill. App. 3d 571, 481 N.E.2d 12.) The Park District urges this court to find that plaintiff's action was barred because plaintiff failed to file its cause of action within one year of the annexation to the Park District as required under section 3—14 (Ill. Rev. Stat. 1991, ch. 105, par. 3—14). Plaintiff did not respond to this argument in its brief.

■ Under the doctrine of law of the case, an appellate court must adhere to the determinations of law it made in a prior appeal of the same case. (*Aguilar v. Safeway Insurance Co.* (1991), 221 Ill. App. 3d 1095, 582 N.E.2d 1362.) However, merely presenting an issue to an appellate court does not foreclose relitigating questions of fact and matters concerning the merits of the controversy which the appellate court did not decide. *Callier v. Callier* (1986), 142 Ill. App. 3d 407, 491 N.E.2d 505.

In the first appeal of this case, the appellate court considered whether the trial judge properly granted the Park District's motion for summary judgment based on the finding that the statute of limitations barred plaintiff's action. The court discussed the legislative history and background of section 3—10. At the time the Village annexed plaintiff's land, section 3—10 allowed a park district to pass an ordinance to annex land previously annexed by a municipality without time or acreage restrictions. (Ill. Rev. Stat. 1977, ch. 105, par. 3—10.) Subsequently, section 3—10 was amended in response to the annexation of half of the Village of Hillside to a park district. Residents within the annexed area did not learn of the annexation until the one-year statute of limitations had passed. The amendment to section 3—10, effective September 14, 1979, restricted a park district from annexing territory over 120 acres more than one year after the territory was included in a municipality. Ill. Rev. Stat. 1979, ch. 105, par. 3—10.

In its opinion, the court noted that the record showed the Park District knew of the amendment to section 3—10 and its legislative history five months before it annexed plaintiff's land in December of 1980. The court stated that the purpose of a statute of limitations was " 'not to shield a wrongdoer [but] to discourage the presentation of stale claims and to encourage diligence in the bringing of actions.' " (*La Salle National Bank*, 134 Ill. App. 3d at 577, 481

N.E.2d at 15, quoting *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 137, 334 N.E.2d 160.) Also, the court stated that annexing land without statutory justification could not be justified. It further stated that

> "[the] [P]ark [D]istrict attempts to shield itself from a review of the propriety of its actions by invoking the statute of limitations. In 1979, the legislature enacted a remedy to the Hillside incident. At that time, the legislature was aware of the statute of limitations that it enacted in 1975, and it determined that no change was necessary to accomplish its purpose.
>
> The facts of this case are substantially similar to the Hillside incident presented to the legislature for relief. We hold that the isolation and premature disposition of the statute of limitations issue without considering the propriety of the [Park District's] exercise of its annexation powers does violence to the clear intent of the legislature." (*La Salle National Bank*, 134 Ill. App. 3d at 577, 481 N.E.2d at 16.)

The cause was remanded for proceedings consistent with the opinion.

■ After carefully reviewing the appellate court's opinion in *La Salle National Bank*, we believe that it did not decide that the Park District was barred from presenting a statute of limitations defense. The court expressly held that the disposition of the statute of limitations issue was premature and isolated and that the propriety of the Park District's exercise of its annexation powers should be examined. However, we do not believe that by this statement the appellate court held that the statute of limitations would not apply if the Park District improperly annexed plaintiff's property. Statutes of limitations apply to claims with merit and those without merit. Although the court noted in its opinion that annexation without statutory justification could not be justified, citing in support *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635, that case did not consider a statute of limitations defense. As the court in *La Salle National Bank* noted, when the legislature amended section 3—10, it determined that no change was necessary to the statute of limitations in section 3—14. We must assume that the legislature intended the statute of limitations to apply to situations similar to the Hillside annexation and the present case.

■ In this case, the Park District annexed the land under section 3—10 on December 16, 1980, and recorded the ordinance on

December 24, 1980. The Park District posted a notice of the annexation in its office and published a notice in the local newspaper although section 3—10 did not require a park district to notify property owners. (Ill. Rev. Stat. 1991, ch. 105, par. 3—10; *La Salle National Bank,* 134 Ill. App. 3d 571, 481 N.E.2d 12.) Plaintiff filed this action in June of 1982, one year and six months after the annexation became final. These facts establish that plaintiff filed its action after the one-year statute of limitations period expired.

Under these circumstances, the Park District's affirmative defense of statute of limitations should not have been stricken and plaintiff's action was barred for failing to file an action within one year of annexation.

Reversed.

McNULTY, P.J., and RAKOWSKI, J., concur.