HOLSMAN NEON & ELECTRIC SIGN COMPANY, INC., APPELLANT, *v.* KOHN, D.B.A. MEYER J. KOHN & CO., APPELLEE.

(No. 51210—Decided
December 1, 1986.)

*Green & Hennenberg Co., L.P.A.,
Janet R. Burnside* and *Hermine G.
Eisen,* for appellant.

*Thompson, Hine & Flory, Harry
A. Hanna* and *Seymour Gross,* for appellee.

PARRINO, J. Plaintiff Holsman
Neon & Electric Sign Co., Inc.,
("Holsman") appeals from the trial
court's dismissal of its complaint
against Meyer J. Kohn, d.b.a. Meyer J.
Kohn & Company. For the reasons adduced below, the trial court's judgment
is reversed.

I

A review of the record reveals that
Meyer J. Kohn was retained by Holsman in 1964 to supervise, keep,
prepare and audit Holsman's books,
records, journals, ledgers, and bank ac-

counts. Kohn performed these services
without incident for many years. In October 1981, however, it was discovered
that since April 1978, an employee of
Holsman had been drafting improper
payroll checks and forging the signature of Larry Holsman (the owner of
the company). The amount embezzled
from April 1978 to October 1981 was
approximatly $50,000.

On November 12, 1982, Holsman
filed a complaint against Kohn alleging
that Kohn had been negligent "[f]rom
approximately April 1978 until approximately October 1981" in failing to exercise the degree of care required of a
certified public accountant.[1] Holsman
further alleged that as a result of
Kohn's negligence, it was damaged in
the amount of $50,000. Kohn denied
the material allegations of the complaint and counterclaimed for the
amount of unpaid services rendered by
Kohn to Holsman.

Discovery on the case was had, and
after several delays, a trial on the
merits was scheduled to take place on
or about October 29, 1985. On the day
of trial, Kohn moved to dismiss the
complaint on the grounds that it was
barred by the statute of limitations.
Holsman argued that the motion was
not timely. The next day several motions were filed. Kohn filed a motion to
amend his answer to include the affirmative defense that the claim was
barred by the statute of limitations,
together with a motion to dismiss.
Holsman filed a motion to amend its
complaint.

On October 31, 1985, the trial
court granted the defendant leave to
file an amended answer. The trial
court then granted Kohn's motion to
dismiss and denied as moot plaintiff's
motion to file an amended complaint.

---

[1] The record reveals that the alleged
negligent conduct involved Kohn's failure to discover and inform Holsman of the
wrongdoing earlier than October 1981.

(These orders were filed for journalization November 1, 1985.)[2]

The plaintiff filed a timely appeal from the trial court's judgment raising three assignments of error.

## II

First assignment of error:

"The trial court committed error prejudicial to appellant when it dismissed the complaint as barred on its face by the statute of limitations."

The applicable statute of limitations on a claim involving an accountant's negligence is set forth in R.C. 2305.09. *Richard* v. *Staehle* (1980), 70 Ohio App. 2d 93, 24 O.O. 3d 121, 434 N.E. 2d 1379. R.C. 2305.09 provides that such an action must be brought within four years of the date the cause accrues. A cause of action based on an accountant's negligence accrues at the time of the negligent conduct. *Staehle* at 97, 24 O.O. 3d at 123, 434 N.E. 2d at 1383. See, also, *Lee Turzillo Contracting Co.* v. *Touche Ross & Co.* (Oct. 9, 1986), Cuyahoga App. Nos. 51075 and 51114, unreported.

In the instant case the plaintiff filed its complaint on November 12, 1982, alleging that Kohn had been negligent from April 1978 through October 1981. Therefore, the negligent acts which occurred within four years of the filing of the complaint (November 12, 1978 through October 1981) were within the statute of limitations, and it was error for the trial court to dismiss those claims. *Lee Turzillo Contracting Co., supra.* Accordingly, the plaintiff's first assignment of error is sustained.

## III

Second and third assignments of error:

"The trial court committed error prejudical to appellant when it denied appellant's motion to amend its complaint.

"The trial court committed error prejudicial to appellant when it granted appellee's untimely motion to amend his answer to assert a statute of limitations defense."

In light of our resolution under the first assignment of error, only a brief discussion of the appellant's second and third assignments of error is warranted.

Under the appellant's second assignment of error, Holsman argues that the trial court erred in not permitting it to amend its complaint. We agree.

Civ. R. 15(A) expressly provides that amendments requiring leave of court "shall be freely given when justice so requires." Further, while the grant or denial of leave to amend a pleading is discretionary, the Supreme Court of Ohio in *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175, 63 O.O. 2d 262, 269-270, 297 N.E. 2d 113, 122, has held:

"* * * [W]here it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion."

In the instant case there appears to be no valid reason for denying the plaintiff's motion. The plaintiff only sought to shorten the period of the alleged negligent conduct. It did not seek to raise any new claims. Accordingly, the trial court erred in denying the

---

[2] Although the defendant's counterclaim is still pending, the trial court expressly stated that there was no just reason for delay and, thus, the dismissal was appealable pursuant to Civ. R. 54(B).

plaintiff's motion to amend its complaint.

In the plaintiff's third assignment of error, it argues that the trial court erred in permitting the defendant to amend its answer to include the affirmative defense that the claim was barred by the statute of limitations. This argument is without merit.

In *Hoover* v. *Sumlin* (1984), 12 Ohio St. 3d 1, 12 OBR 1, 465 N.E. 2d 377, the court held in paragraph two of the syllabus that:

"The granting of a motion for leave to amend a pleading shall not be disturbed on appeal absent a showing of bad faith, undue delay or undue prejudice to the opposing party."

Applying this standard to the instant case, we must conclude that the trial court was within its discretion in granting the defendant's motion to amend its answer. Although the defendant's motion was not made until just before trial, there was no showing that the motion was made in bad faith.

Plaintiff's third assignment of error is overruled.

### IV

The trial court's judgment is reversed, and the cause is remanded for a trial on the merits.

*Judgment reversed
and cause remanded.*

MARKUS, C.J., and PATTON, J., concur.