SLADKY ET AL., APPELLANTS, *v.* LOMAX ET AL., APPELLEES.

(No. 13425—Decided May 4, 1988.)

*James R. Recupero,* for appellants.
*Matthew J. Hatchadorian,* for appellees.

QUILLIN, J. This is an action against accountants for negligent preparation of income tax returns. The issue on appeal is when does the cause of action accrue. Following *Kunz* v. *Buckeye Union Ins. Co.* (1982), 1 Ohio St. 3d 79, 1 OBR 117, 437 N.E. 2d 1194, we hold that the cause of action does not accrue until there is an injury or damage and the tort is thus complete. We reverse and remand.

Plaintiffs retained defendants, E. Glenn Lomax and his accounting firm, to prepare their federal and state income tax returns for the years 1978-1980. In 1978 and 1979, plaintiffs sustained net operating losses of $78,003 and $533,318, respectively. On plaintiffs' 1980 tax return, Lomax carried forward the adjusted net operating losses from 1978 and 1979, totalling $528,042, and deducted this amount from plaintiffs' net income for that year.

In 1982, the Internal Revenue Service ("IRS") initiated an audit of plaintiffs' past returns. In June 1983, the IRS notified plaintiffs that the affirmative election necessary to perfect a carry forward of net operating losses had not been made and therefore the net operating losses which were carried forward on the 1980 return may have to be carried back. On September 6, 1984, the IRS disallowed the carry forwards. The IRS then overruled plaintiffs' appeal and finalized its decision, assessing taxes, interest, and penalties on January 16, 1986. The

parties agree that the four-year statute of limitations found in R.C. 2305.09 applies.

Plaintiffs filed suit against Lomax and his accounting firm on November 21, 1986, alleging negligence and breach of contract. Defendants moved for summary judgment contending that the cause of action accrued at the time of the alleged negligent act. Defendants asserted that they last performed accounting services for plaintiffs on June 1, 1981. Therefore, defendants argued that plaintiffs' action was barred by the four-year statute of limitations. Relying on this court's holding in *Richard* v. *Staehle* (1980), 70 Ohio App. 2d 93, 24 O.O. 3d 121, 434 N.E. 2d 1379, that the cause of action against an accountant accrues at the time of the negligent act or advice, the trial court granted defendants' motion. Plaintiffs appeal.

### Assignment of Error

"The trial court erred in holding that, pursuant to Ohio Revised Code Section 2305.09, a cause of action for accountant negligence accrues when the negligent act is committed."

Plaintiffs contend that *Kunz* v. *Buckeye Union Ins. Co., supra,* effectively overruled *Richard.* In *Kunz,* the plaintiffs sued their insurance company and its agents alleging acts of omission and commission for failing to obtain the coverage requested and/or disclose a change in coverage on a crane owned by` the plaintiffs and which was subsequently involved in an accident. Applying the statute of limitations prescribed in R.C. 2305.09, the trial court granted the defendants' summary judgment motion.

The issue before the Ohio Supreme Court in *Kunz* was whether the cause of action accrued at the time the defendants committed the alleged negligent acts, or whether it accrued at the time of the accident. The court said:

"This court has not decided a case precisely on point. However, in *Austin* v. *Fulton Ins. Co.* (Alas. 1968), 444 P. 2d 536, the Alaska Supreme Court considered whether a cause of action for negligent failure to provide coverage for damage due to an earthquake arose when the policy was delivered or when an earthquake caused property damage. In holding that the later date was controlling, the court stated, at page 539, that:

" '* * * The statute of limitation as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff. Appellant's interest was in being protected against earthquake loss. There was no invasion, or infringement upon or impairment of such interest until there had been a loss by earthquake, because until that event occurred such protection could avail appellant nothing. His interest, which is legally protected, was in having such protection when it was needed, at the time of the loss and not before. Thus, in a case like this there must be an injury or harm to appellant as a consequence of appellees' negligence to serve as a basis for recovery of damages before the tort became actionable and before the period of limitation commenced to run.' " *Id.* at 81, 1 OBR at 119, 437 N.E. 2d at 1196.

Adopting and applying the *Austin* rationale, the Ohio Supreme Court concluded that the plaintiffs' cause of action did not accrue, and the statute of limitations did not begin to run, until the date of the accident involving the crane.

Defendants contend that *Kunz* is limited to the facts of that case, and point to *Holsman Neon & Electric Sign Co.* v. *Kohn* (1986), 34 Ohio App. 3d 53, 516 N.E. 2d 1284. While the decision in *Kohn* professed to be following *Richard,* we note that the holding was nonetheless consistent with the ra-

tionale of *Kunz.* The *Kohn* case was a negligence action against accountants for failing to detect employee forgery and embezzlement. Thus, the tort was complete and the cause of action accrued at the time of the negligent conduct.

In the case *sub judice,* all damage suffered by plaintiffs occurred within four years of the filing of the complaint. The action was thus timely filed. We find support in our holding from decisions of other jurisdictions which have concluded that actions against accountants for negligent preparation of income tax returns do not accrue until the plaintiff is notified of an IRS assessment. *Streib* v. *Veigel* (1985), 109 Idaho 174, 706 P. 2d 63; *Chisholm* v. *Scott* (App. 1974), 86 N.M. 707, 526 P. 2d 1300; *Atkins* v. *Crosland* (Tex. 1967), 417 S.W. 2d 150, 26 A.L.R. 3d 1431. Cf. *Wall* v. *Lewis* (N.D. 1985), 366 N.W. 2d 471; and *Snipes* v. *Jackson* (1984), 69 N.C. App. 64, 316 S.E. 2d 657.

The assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.