GRAY, Appellant,

v.

ESTATE OF BARRY, Appellee.

[Cite as *Gray v. Estate of Barry* (1995), 101 Ohio App.3d 764.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–243.

Decided April 7, 1995.

*Mark A. Robinson,* for appellant.

*Nicholas J. Milanich,* for appellee.

SHERCK, Judge.

This is an accelerated appeal from a judgment issued by the Toledo Municipal Court which dismissed an accountant malpractice suit for the reason that it was time-barred by a statute of limitations. Because we conclude the trial court erroneously applied the statute, we reverse.

Appellee is the estate of John E. Barry. John E. Barry was a certified public accountant who, prior to his death, provided accounting and tax preparation services for appellant Joseph W. Gray III, M.D., Inc.

On July 14, 1993, appellant filed a suit, alleging that appellee's decedent had negligently failed to file, at the close of the 1987 tax year, Internal Revenue Service ("I.R.S.") form 5500R along with the remainder of appellant's 1987 return. As a result of that failure, appellant asserted, it had incurred an I.R.S. tax penalty in the amount of $9,000.

Appellee responded with a motion to dismiss appellant's complaint on the ground that the suit was commenced after the expiration of the four-year statute of limitations which governs accountant malpractice, R.C. 2305.09(D). According to appellee, any wrongful act committed by John Barry occurred, at the latest, in 1988. Since there is no discovery rule for accountant malpractice, appellee argued that the suit would have had to have been initiated no later than 1992.

Appellant responded that, while it was true that it did not discover Barry's failure to file the tax return until sometime after 1988, its satisfaction of the statute of limitation is not premised on any discovery rule. Rather, appellant maintains that there was a delayed occurrence of damages. Appellant contended that the act of negligence was not complete until all the elements of the tort were present. Therefore, according to appellant, while Barry breached his duty to file the missing tax form in 1988, that breach was not the proximate cause of any injury to appellant until the Internal Revenue Service assessed a penalty for failure to timely file. That penalty assessment did not occur until April 6, 1993: less than ninety days prior to the commencement of this suit and well within the statute of limitations.

On August 26, 1994, the trial court, relying principally on *Philpott v. Ernst & Whinney* (Nov. 25, 1992), Cuyahoga App. No. 61203, unreported, 1992 WL 357250, granted appellee's motion to dismiss. Appellant now appeals that decision, setting forth the following single assignment of error:

"I. The trial court committed prejudicial error by dismissing Plaintiff's complaint pursuant to the Defendant's Motion to Dismiss.

"1. Appellants [*sic*] cause of action did not accrue until the assessment of damages by the IRS for the failure of appellee to file require tax returns.

"2. Appellants [*sic*] cause of action did not accrue until the discovery of Defendant's/Appellee's mal [*sic*] practice."

Appellant supports its assignment of error with two arguments; we first will address appellants's second argument, which asserts that the failure to apply a discovery rule to accountant malpractice action is simply bad law. Appellant discusses at length the application of the discovery rule to virtually every other

variety of professional malpractice in Ohio and the prudence of applying the rule to accountant malpractice cases. Appellant also directs our attention to a number of instances where the rule is applied to accountants in other jurisdictions. See, *e.g., Sato v. Van Denburgh* (1979), 123 Ariz. 225, 599 P.2d 181; *Moonie v. Lynch* (1967), 256 Cal.App.2d 361, 64 Cal.Rptr. 55; *Peat, Marwick, Mitchell & Co. v. Lane* (1990 Fla.), 565 So.2d 1323; *Marvel Engineering Co. v. Matson* (1986), 150 Ill.App.3d 787, 103 Ill.Dec. 631, 501 N.E.2d 948; *Brueck v. Krings* (1982), 230 Kan. 466, 638 P.2d 904; *Harvey v. Dixie Graphics* (1992 La.), 593 So.2d 351; *Leonhart v. Atkinson* (1972), 265 Md. 219, 289 A.2d 1; *Frank Cooke, Inc. v. Hurwitz* (1980), 10 Mass.App. 99, 406 N.E.2d 678; *Brower v. Davidson, Deckert, Schutter & Glassman P.C.* (Mo.App.1984) 686 S.W.2d 1; *Chisolm v. Scott* (1974), 86 N.M. 707, 526 P.2d 1300; *Mills v. Garlow* (1989 Wyo.), 768 P.2d 554.

As persuasive as appellant's argument is on this issue, it is simply misdirected to this court. As an intermediate court, we are bound to follow the pronouncements of the Supreme Court of Ohio when that court has addressed an issue. In this instance, the Supreme Court has held that, except for fraud or conversion, no discovery rule applies for accountant malpractice cases. *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, paragraph two of the syllabus; *Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 160, 566 N.E.2d 1220, 1222–1223. Therefore, appellant's second argument in support of its assignment of error must be rejected.

Appellant's remaining argument is more persuasive. Simply put, appellant asserts that even though Barry's failure to file occurred in 1988, there was no cause of action for which the statute of limitations could commence until the I.R.S. levied a penalty as the result of the omission. This did not occur until 1993.

Appellant directs our attention to *Kunz v. Buckeye Union Ins. Co.* (1982), 1 Ohio St.3d 79, 81, 1 OBR 117, 118–119, 437 N.E.2d 1194, 1196 for the proposition that "[t]he statute of limitation as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff." *Id.* quoting *Austin v. Fulton Ins. Co.* (Alaska 1968), 444 P.2d 536 at 539. There was, according to appellant, no invasion of a legally protected interest until the I.R.S. penalized appellant for Barry's omission.

Appellee responds by citing numerous cases; however, the only one directly on point is *Philpott v. Ernst & Whinney, supra.* In that case, a client brought suit against his accountant for, *inter alia,* improper preparation of tax returns. A later I.R.S. audit resulted in a deficiency assessment. Nevertheless, the accoun-

tant prevailed on a motion for summary judgment, since commencement of the suit occurred outside the four-year statute of limitations.

On appeal, Philpott argued that the cause of action did not accrue until receipt of the I.R.S.'s notification of a deficiency. The court of appeals rejected that contention, citing *Investors REIT One v. Jacobs, supra,* for its holding that the discovery rule is unavailable in accountant malpractice actions and *Holsman Neon & Elec. Sign Co. v. Kohn* (1986), 34 Ohio App.3d 53, 516 N.E.2d 1284, for the proposition that an accountant's negligence accrues at the time of the negligent conduct.

The *Philpott* decision was not unanimous. Judge John F. Corrigan, in a dissenting opinion, wrote that the issue was not one of discovery; rather, the issue is when a cause of action accrues. Therefore, according to Judge Corrigan, *Jacobs* is inapposite to the issue. As to *Holsman,* Judge Corrigan factually distinguished that case, as it involved a negligent audit that failed to uncover an employee theft. Therefore, the harm complained of in *Holsman* had already been completed when the accountant failed to detect the loss. In *Philpott* the element of injury was speculative only until the I.R.S. discovered the deficiency and levied its penalty. Judge Corrigan cited *Sladky v. Lomax* (1988), 43 Ohio App.3d 4, 538 N.E.2d 1089, for the proposition that an action against an accountant for negligent preparation of an income tax return does not accrue until the plaintiff is notified of an I.R.S. assessment.

We agree with the dissent in *Philpott* and the court of appeals opinion in *Sladky. Philpott, Sladky* and the present case are not discovery cases. The issue in each is the time at which the cause of action accrued. In any negligence action, a claim for which relief may be granted cannot be maintained absent the presence of all essential elements. "To establish actionable negligence, one must show * * * the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. Since there can be no negligence without injury, there can be no negligent conduct by which a cause accrues, pursuant to *Holsman,* until there is an injury to a legally protected interest. *Kunz v. Buckeye Union Ins. Co., supra.* In the case of a negligently prepared tax return or a tax form negligently omitted from a return, there is no injury until the I.R.S. determines to levy a penalty assessment.[1] Until that time, no claim upon which relief can be granted

---

1. There is some dispute as to whether this event is an I.R.S. preliminary audit report or the actual I.R.S. assessment of a penalty. See *International Engine Parts, Inc. v. Feddersen & Co.* (1995), 9 Cal.4th 606, 38 Cal.Rptr.2d 150, 888 P.2d 1279. While this may be important in a matter in which filing deadlines are narrow, the question is not applicable in this case.

exists. Similarly, it is not until such a claim may be maintained that the time for any statute of limitation begins to run.

In the present matter, the time for the statute of limitations did not begin to run until 1993, when appellant was notified by the I.R.S. that a penalty had been assessed. Therefore, the trial court erred in dismissing the case as having been initiated after the statute had run. Appellant's assignment of error is found well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed. It is ordered that appellee pay court costs of this appeal.

This court *sua sponte* notes that our holding in this matter is in conflict with the opinion of the court of appeals for Cuyahoga County as stated in *Philpott v. Ernst & Whinney* (Nov. 25, 1992), Cuyahoga App. No. 61203, unreported, 1992 WL 357250. Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, whenever the judges of a court of appeals find a judgment upon which they have agreed in conflict with that of any other court of appeals, the judges shall certify the record of the case to the Supreme Court for review and final determination. See *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph one of the syllabus. Having found such conflict, we do so hereby certify.

The question presented is whether, in an accountant malpractice action founded in the negligent preparation or filing of tax returns, the four-year statute of limitations for such action begins prior to the assessment of any penalty for faulty preparation or failure to file.

*Judgment reversed.*

MELVIN L. RESNICK and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, J., retired, of the Fifth Appellate District, sitting by assignment.