DECISION AND JUDGMENT ENTRY
This is an appeal from the Hocking County Court of Common Pleas, in which Defendant-Appellant Robby Cain pled guilty to three charges: rape, a first-degree felony, in violation of R.C. 2907.02(A)(2); kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(2); and felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). The trial court imposed three consecutive terms of imprisonment, totaling twenty-five years.
Appellant argues that the judgment and sentence should have been rendered only on the charge of rape because kidnapping and felonious assault are allied offenses of similar import to rape. Appellant also argues that it was plain error for the trial court to permit appellant to enter a guilty plea prior to the trial court determining whether the crimes were allied offenses of similar import. Appellant further claims that it was an abuse of discretion for the trial court to receive appellant's pleas in the face of ineffective assistance of counsel, in that counsel had not, at that time, moved the court to determine whether the offenses charged were allied offenses of similar import.
We find appellant's arguments to be without merit and affirm the judgment of the court below.
 STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal.
At 9:15 a.m., on June 9, 1999, a thirteen-year-old girl, who had stayed home from school because she was ill, answered the door to meet Defendant-Appellant Robby Cain. After greeting the girl, appellant feigned that he was lost; he claimed that he must have been given erroneous directions. As he had planned, he asked the girl if he could use her telephone to call and get additional directions to his destination. Unfortunately, the girl agreed and permitted appellant to enter her home.
Once inside, the girl handed appellant a cordless telephone. He randomly dialed a telephone number and, after pausing momentarily, handed the telephone back to her claiming the line to be busy. Assuming he would then leave, she placed the telephone on its charger and returned to playing games on the family computer.
Appellant, in fact, did not leave. Instead, he approached the girl from behind and began fondling her breasts. Alarmed, she insisted that he stop. Nonetheless, he persisted and told her that he wanted to have sex with her. She told him no, attempting to reason with him by explaining that she was only thirteen years old.
Appellant then grabbed the girl by the throat and dragged her from her computer game to a nearby sofa. He choked her to the brink of unconsciousness. He struck her in the face and threatened to kill her. While continuing to squeeze her throat, he pinned her down and raped her.
After appellant finished raping the girl, he dressed and left through the front door. The traumatized girl barricaded herself in the bathroom and telephoned her father.
Appellant returned to his place of employment and requested the remainder of the workday off, falsely claiming that his mother was ill and needed his attention. His employer agreed. Appellant then proceeded to his girlfriend's house where he was arrested later that day.
On September 24, 1999, appellant pled guilty in the Hocking County Court of Common Pleas to three charges: rape, a violation of R.C.2907.02(A)(2); kidnapping, a violation of R.C. 2905.01(A)(2); and felonious assault, a violation of R.C. 2903.11(A)(1).
On October 28, 1999, appellant filed a motion for election, pursuant to R.C. 2941.25, seeking to have the trial court determine that kidnapping and felonious assault were allied offenses of similar import to rape.
On November 2, 1999, the trial court ruled that the charged crimes were not allied offenses of similar import and sentenced appellant to three consecutive terms of imprisonment: nine years for rape, nine years for kidnapping, and seven years for felonious assault.
Appellant filed a timely appeal and presents three assignments of error for our review.
 I. DID THE TRIAL COURT ERR AS A MATTER OF LAW WHEN IT DETERMINED THAT KIDNAPPING (O.R.C. § 2907.02) AND FELONIOUS ASSAULT (O.R.C. § 2903.11) ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT TO THE CRIME OF RAPE IN CONSTRUING O.R.C. § 2941.25?
 II. DID THE TRIAL COURT ERR WHEN IT FAILED TO DETERMINE THE ISSUE OF WHETHER THE CRIMES CHARGED WERE ALLIED OFFENSES OF SIMILAR IMPORT PRIOR TO THE TIME THAT A PLEA TO THEM WAS ENTERED, THEREBY DEPRIVING THE DEFENDANT OF DUE PROCESS OF LAW BY FAILING TO GIVE HIM NOTICE OF THE PENALTIES HE FACED AND TO ENTER A KNOWING PLEA?
 III. WAS IT ERROR FOR THE COURT TO PROCEED TO RECEIVE A PLEA AND TO SENTENCING IN THE FACE OF INEFFECTIVE ASSISTANCE OF COUNSEL, IN THAT, COUNSEL HAD FAILED TO MOVE THE COURT TO DETERMINE WHETHER THE OFFENSES CHARGED WERE ALLIED OFFENSES OF SIMILAR IMPORT?
 ANALYSIS
We address each of appellant's assignments of error seriatim.
 I.
In appellant's First Assignment of Error, he argues that the trial court abused its discretion in imposing consecutive sentences involving the same victim during one assaultive episode. Appellant reasons that kidnapping and felonious assault are allied offenses of similar import to rape. Accordingly, he maintains, consecutive sentences are precluded as the offenses were not committed separately or with separate animi.
The determination of whether two or more offenses constitute allied offenses of similar import is within the sound discretion of the trial court; the lower court should not be reversed absent a clear demonstration of an abuse of discretion that materially prejudiced appellant. See State v. Perry (Oct. 3, 1996), Cuyahoga App. No. 69892, unreported; Williams v. Oeder (1995), 103 Ohio App.3d 333, 659 N.E.2d 379. An abuse of discretion is more than an error of judgment, but rather a demonstrated "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621, 614 N.E.2d 748, 750. An appellate court may not substitute its judgment for that of the trial court when applying the abuse-of-discretion standard. See Berk v. Matthews (1990),53 Ohio St.3d 161, 559 N.E.2d 1301.
The Supreme Court of Ohio, in State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, has succinctly provided the framework for trial courts to use in analyzing whether crimes are allied offenses of similar import. The Rance Court held that the two-step test provided in R.C. 2941.25 is the appropriate analysis to "determine whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy." Rance, 85 Ohio St.3d at 639,710 N.E.2d at 705. The Supreme Court of Ohio went on to explain that "[t]he statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. The sole question, then, is one of state statutory construction: are the offenses at issue those certain offenses for which the General Assembly has approved multiple convictions pursuant to R.C. 2941.25." Rance,85 Ohio St.3d at 639, 710 N.E.2d at 705.
R.C. 2941.25, commonly referred to as the multiple-count statute, consists of the following two steps. First, the trial court must determine whether the crimes are allied offenses of similar import. See R.C. 2941.25(A). To make such a determination, the elements of the crimes are to be compared. If the crimes correspond to such a degree that "the commission of one crime will result in the commission of the other," the crimes are allied offenses of similar import. State v. Jones (1997),78 Ohio St.3d 12, 14, 676 N.E.2d 80, 81.
Second, the trial court must determine whether the defendant may be convicted of all of the crimes. See R.C. 2941.25(B). If the defendant's conduct constitutes "two or more offenses of dissimilar import," or if the conduct results in "two or more offenses of the same or similar kind committed separately or with a separate animus as to each," then the trial court may include the counts for all of the offenses and convict the defendant of each of them. R.C. 2941.25(B).
As appellant aptly summarized in his brief to this Court, Ohio courts have been inconsistent in their analysis of the first step, the determination of whether the crimes are allied offenses of similar import. Indeed, two schools of thought have emerged in Ohio courts, exemplified by the following two cases.
In Newark v. Vazirini (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Supreme Court of Ohio held that the elements of the crimes should be compared given the facts of the case. On the other hand, the Supreme Court of Ohio held in State v. Richey (1992), 64 Ohio St.3d 353,595 N.E.2d 915, that the elements of the crimes should be compared in thestatutory abstract. Some Ohio courts of appeals have aligned themselves with Newark, while others subscribe to Richey. Thus, what has resulted is a confusing body of caselaw.
Recognizing this confusion, the Rance Court resolved the tension by overruling Newark and its ensuing line of cases. The Supreme Court of Ohio explained that "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" (Emphasis added.) Rance,85 Ohio St.3d at 639, 710 N.E.2d at 705, quoting Jones, 78 Ohio St.3d at 14,676 N.E.2d at 81.
Appellant presents this Court with an argument challenging the analysis of the Rance Court. It is axiomatic that this Court is bound to follow the dictates of the Supreme Court of Ohio when it has addressed an issue. See Gray v. Estate of Barry (1995), 101 Ohio App.3d 764,656 N.E.2d 729. Moreover, we agree with the analysis of the Rance Court: if it is necessary to compare criminal elements to resolve a matter, they should be compared in the statutory abstract. Otherwise, the process would produce arbitrary, inconsistent decisions of little value as precedent to future litigants. For these reasons, we decline appellant's invitation to challenge the mandate presented by Rance.
The Ohio Revised Code defines the three charged offenses in the casesub judice as follows. First, rape is defined as "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C.2907.02(A)(2). Second, kidnapping is defined as follows. "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen * * *, by any means, shall remove another from the place where he is found or restrain him of his liberty, * * * [t]o facilitate the commission of any felony or flight thereafter." R.C. 2905.01(A)(2). Third, and finally, felonious assault is defined as "[n]o person shall knowingly * * * [c]ause serious physical harm to another." R.C.2903.11(A)(1). Accordingly, we now apply the R.C. 2941.25 test to determine whether kidnapping and felonious assault are allied offenses of similar import to rape.
 A.
We first address kidnapping. A rape is committed, as contemplated by the statute, when the offender "purposely compels the other person to submit by force or threat of force." (Emphasis added.) R.C. 2907.02(A)(2). Purposely compelling another to submit by force or threat of force will always entail the broader standard required for kidnapping, that "[n]o person, by force, threat, or deception, or, in the case of a victim under the age of thirteen * * *, by any means, * * * restrain him of his liberty, * * * [t]o facilitate the commission of any felony or flight thereafter." (Emphasis added.) R.C. 2905.01(A)(2). Of course, the felony sought to be committed, as required in the latter part of the kidnapping statute, is rape. Thus, if the state satisfies the elements of rape, the state has necessarily also proven the elements of kidnapping: "force" equals "force," "submission" is tantamount to "restrain[t] * * * of * * * liberty," and the rape itself satisfies the "[for the purpose of] facilitat[ing] the commission of any felony" clause. See, e.g., State v.Donald (1979), 57 Ohio St.2d 73, 386 N.E.2d 1341 (holding that kidnapping and rape arising out of the same conduct are allied offenses of similar import for purposes of R.C. 2941.25).
We have isolated appellee's and the lower court's error in this respect. The lower court explained its reasoning for denying appellant's election motion as follows. "Now, you can be convicted of kidnapping and not rape because * * * one could kidnap someone and then not complete the offense and never be charged with the underlying felony. * * * [O]ne can commit kidnapping without committing the rape and can commit felonious assault without committing kidnapping and vice versa." Transcript of Proceedings at 31-32 (Nov. 2, 1999). Similarly, appellee echoes this reasoning in its brief to this Court. "Actual commission of the intended felony is not necessary, as a person could still be guilty of kidnapping even though their commission of the intended felony was foiled." Merit Brief of Plaintiff-Appellee State of Ohio at 7 (Mar. 17, 2000).
The key to the first step of the R.C. 2941.25 test is whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other."Jones, 78 Ohio St.3d at 14, 676 N.E.2d at 81. We agree with appellant that this test is unilateral. The issue to be resolved is whether rape entails kidnapping, not the reverse, as the trial judge and appellee are asserting. Thus, the relevant inquiry is whether the elements of rape correspond to such a degree with the elements of kidnapping that the commission of rape will result in the commission of kidnapping. As we stated, we answer that question in the affirmative. Accordingly, we advance to the second prong of the R.C. 2941.25 test.
R.C. 2941.25(B) permits a defendant to be convicted of allied offenses of similar import if the conduct results in "two or more offenses of the same or similar kind committed separately or with a separate animus as to each." R.C. 2941.25(B). We find evidence in the record that supports the conclusion that kidnapping and rape were committed with separate animi.
The Supreme Court of Ohio, in State v. Logan (1979), 60 Ohio St.2d 126,397 N.E.2d 1345, provided relevant guidelines for establishing whether kidnapping and an allied offense are committed with a separate animus for purposes of R.C. 2941.25(B).
 (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.
(Emphasis added.) Id. at syllabus; accord State v. Johnson (2000),88 Ohio St.3d 95, 113, 723 N.E.2d 1054, 1071 (applying Logan
post-Rance).[2]
 We adopt the standard which would require an answer to the further question of whether the victim, by such limited asportation or restraint, was subjected to a substantial increase in the risk of harm separate from that involved in the underlying crime. If such increased risk of harm is found, then the separate offense of kidnapping could well be found.
(Emphasis added.) Logan, 60 Ohio St.2d at 135, 397 N.E.2d at 1352.
In State v. Cambell (1993), Montgomery App. No. 13138, unreported, a victim was grabbed by the defendant from behind and held in a chokehold. The victim testified that she had difficulty breathing. Further, the defendant threatened to "cut" her if she called for help. The Cambell
Court applied Logan and provided the following analysis.
The facts of this case concerning movement of the victim are very much like those in Logan. [The] [d]efendant * * * may have moved [the victim] somewhat farther than [the defendant in Logan] did his victim, but in neither instance was the movement so substantial as to demonstrate a significance independent of the Rape offense.
 However, the form of restraint used in this case, a choke-hold, demonstrates a substantial increase in the risk of harm separate and distinct from the underlying crime of rape. Choke-holds have in some cases resulted in death, and are regarded as a potentially lethal form of restraint. It did not have dire consequences here, but the test in Logan is not the consequence but the risk presented. On these facts we conclude that the risk was real, not potential * * * and that the measure employed was separate and apart from the underlying crime of Rape. Therefore, on these facts the Kidnapping offense does not merge with the offense of Rape.
(Emphasis added.) Id.
We recognize that Cambell is an unreported case and should be regarded as only persuasive authority. Nevertheless, we find its factual parallel and sound application of Logan renders it quite instructive to the instant matter.
In the case sub judice, we find appellant's combined actions of choking the girl to near unconsciousness, striking her in the face, and threatening to kill her not only substantially increased the victim's risk of serious physical harm, but also caused her to suffer serious physical harm. We note that the actions of appellant are at least as egregious as those committed by the defendant in Cambell, if not more so.
Applying the Logan analysis, the commission of the kidnapping — that is, the force used to restrain the victim: the choking, the striking, and the threat of death — so increased the risk of harm to the victim above the actual commission of the rape, that the offenses should not merge and can be made cumulative. See Logan, supra.
Therefore, we find that the trial court was incorrect in determining that kidnapping was not an allied offense of similar import to rape. However, we find that the lower court did not abuse its discretion in convicting appellant of both offenses because each offense was committed with a separate animus, thereby rendering them separate crimes and not allied offenses of similar import. Accordingly, appellant's conviction for kidnapping is upheld.
 B.
We next address felonious assault. An abstract comparison of rape to felonious assault reveals an exclusive, divergent element: felonious assault requires "serious physical harm" while rape does not. R.C.2903.11(A)(1).
R.C. 2901.01(A)(5) defines "serious physical harm to persons" as any of the following.
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.01(A)(5). The felonious-assault requirement of serious physical harm is an exclusive one that would not necessarily be satisfied by a commission of rape; for a rape, by its definition, contemplates only "sexual conduct" by "force or threat of force." R.C. 2907.02(A)(2). Thus, a rape could be committed and result in something less than the stricter serious-physical-harm standard of felonious assault. Thus, we advance to the second prong of the R.C. 2941.25 test.
R.C. 2941.25(B) states that trial courts may include the counts for all of the offenses and convict the defendant of each of them if the offenses are "of dissimilar import." (Emphasis added.) R.C. 2941.25(B). We found, by way of our analysis of the first prong of the R.C. 2941.25 test, that these offenses are indeed of dissimilar import. Therefore, a plain reading of R.C. 2941.25 permits the trial court to punish appellant for each of the crimes. Accordingly, we find that the separate sentence for felonious assault imposed by the trial court does not violate R.C. 2941.25
or the constitutional guarantees against double jeopardy. Moreover, we find no demonstration of an abuse of discretion by the lower court in this respect.
Even assuming, arguendo, that we found felonious assault to be an allied offense of similar import to rape, the second prong of the R.C.2941.25 test would permit the trial court to convict and impose a separate sentence for rape and felonious assault under the aforementionedLogan analysis. Accordingly, appellant's conviction for felonious assault is upheld.
Appellant's First Assignment of Error is OVERRULED.
 II.
In appellant's Second Assignment of Error, he argues that the trial court abused its discretion and deprived appellant of due process of law when it failed to determine whether the charged crimes were allied offenses of similar import before appellant entered a plea. We find this argument to be without merit.
Appellant seeks to support this argument with the decision of State v.Gibson (1986), 34 Ohio App.3d 146, 517 N.E.2d 990. Gibson does not address whether a judge must determine that charged crimes are allied offenses of similar import prior to permitting a defendant to enter a guilty plea. Rather, it stands for the principle that "[a] court must inform the defendant about critical constitutional rights before accepting a plea which waives those rights. * * * However, substantial compliance with Crim.R. 11(C) will suffice to advise the defendant about other matters before accepting such pleas." Gibson,34 Ohio App.3d at 146, 517 N.E.2d at 990. Accordingly, we find that compliance with Crim.R. 11(C)(2) is the only relevant inquiry in determining whether the lower court abused its discretion in accepting appellant's guilty pleas. Crim.R. 11(C)(2) provides, in relevant part, the following.
 In felony cases the court * * * shall not accept [a plea of guilty or a plea of no contest] * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Crim.R. 11(C)(2).
Our reading of the transcript from the change-of-plea proceedings reveals a careful, meticulous effort by the trial court to address each of the Crim.R. 11(C)(2) requirements. The trial court summarized these actions as follows.
Having personally addressed this defendant, I am convinced he is entering the pleas of his own free will, that he understands the nature of the charge and the maximum possible penalties involved and the fact that he is ineligible for community control and the fact the he will face a predator hearing at a later date.
Transcript of Proceedings at 15 (Sept. 24, 1999). We find the lower court complied with each of the Crim.R. 11(C)(2) requirements. Further, we find no abuse of discretion by the trial court in accepting appellant's guilty pleas.
Appellant's Second Assignment of Error is overruled.
 III.
Appellant argues in his Third Assignment of Error that it was an abuse of discretion for the trial court to receive appellant's pleas in the face of ineffective assistance of counsel, in that counsel had not, at that time, moved the court to determine whether the offenses charged were allied offenses of similar import. We disagree.
This assignment of error raises two issues, one of which we have already addressed. First, as we explained in appellant's Second Assignment of Error, the lower court did not abuse its discretion by accepting appellant's guilty pleas; appellant did have notice of his maximum exposure before he pled guilty to these charges.
 THE COURT: Do you understand that all three offenses carry a presumption for prison sentence rather than community control?
DEFENDANT: I understand.
 THE COURT: Do you understand that based upon the report and information that is provided to the Court, I will be required to determine whether or not the sentences merge or are allied offenses of similar import?
DEFENDANT: I understand.
 THE COURT: And that if the aggregate, that is if all of the sentences are served one after the other then you would be facing twenty-eight years.
DEFENDANT: Yes.
Transcript of Proceedings at 7-8 (Sept. 24, 1999). We restate that the paramount concern in the face of such a challenge is adherence to Crim.R. 11(C)(2), with which the lower court here most attentively complied.
Second, we find no evidence in the record to support appellant's allegation of ineffective assistance of counsel. The principal case in this realm is Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. Strickland sets forth a two-tiered test to determine ineffective assistance of counsel. First, the movant must show deficient performance by the attorney; and, second, the movant must show that such deficient performance prejudiced the defense. As we discussed, relative to appellant's First Assignment of Error, we find that R.C. 2941.25(B) permits cumulative sentences for the convictions of rape, kidnapping, and felonious assault in this matter. Further, appellant's counsel did file a written motion for election prior to sentencing, which is when the issue of merger would be decided by the trial court. Therefore, the fact that appellant's counsel did not move the court prior to appellant pleading guilty to the charged offenses was not deficient performance. Moreover, the failure of the attorney to file such a motion at that time in no way prejudiced appellant's defense.
Therefore, we find it was not an abuse of discretion by the trial court to accept appellant's guilty pleas absent appellant's counsel first moving the court to determine whether the kidnapping and felonious assault offenses were allied offenses of similar import to rape.
Appellant's Third Assignment of Error is overruled.
 CONCLUSION
In appellant's First Assignment of Error, he argues that the trial court abused its discretion in imposing consecutive sentences involving the same victim during one assaultive episode. Appellant reasons that kidnapping and felonious assault are allied offenses of similar import to rape.
Based on our application of the two-part test of R.C. 2941.25, we find that the separate, consecutive sentences imposed by the trial judge for each of the three charged crimes do not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy. We find no abuse of discretion by the trial judge in this respect.
In appellant's Second Assignment of Error, he argues that the trial court abused its discretion, and deprived appellant of due process of law, when it failed to determine whether kidnapping and felonious assault were allied offenses of similar import to rape before appellant entered his guilty pleas to these charges. We find that the trial court complied with each of the Crim.R. 11(C)(2) requirements. Accordingly, we find no abuse of discretion by the trial judge in accepting appellant's guilty pleas.
Appellant argues in his Third Assignment of Error that it was an abuse of discretion for the trial court to receive appellant's pleas in the face of ineffective assistance of counsel in that counsel had not, at that time, moved the court to determine whether the offenses charged were allied offenses of similar import.
As we found in the Second Assignment of Error, the lower court did not abuse its discretion by accepting appellant's guilty pleas; appellant did have notice of the maximum aggregate penalty before he pled guilty to the charged offenses. Further, the fact that appellant's counsel did not move the court at that time — although he filed a timely motion after the pleas, but before sentencing — was not deficient performance. Moreover, not filing the motion prior to the appellant's pleas did not prejudice appellant's defense.
Therefore, we OVERRULE appellant's assignments of error and AFFIRM the decision of the Hocking County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the hocking County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J. Concurs in Judgment and Opinion.
Kline, J. Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignments of Error II and III.
[2] We note that Logan was decided well before Rance. However, Logan
goes to the second prong of the R.C. 2941.25 test — specifically, R.C. 2941.25(B) — which was unaffected by the Rance Court. These cases stand as sound authority post-Rance. Moreover, the Supreme Court of Ohio has continued to apply Logan post-Rance. See Johnson,88 Ohio St.3d at 113, 723 N.E.2d at 1071.