OPINION
{¶ 1} Plaintiff/Appellant TCN Behavioral Health Services, Inc. (hereafter Appellant) appeals from the Greene County Court of Common Pleas entry dismissing its complaint against Defendant/Appellee Clark, Schaefer, Hackett Co. (hereafter Appellee) pursuant to Appellee's motion to reconsider. For the reasons that follow, we affirm.
 {¶ 2} Appellant is a non-profit corporation that provides mental health care and substance abuse services to the public. Appellant is paid through Medicaid contracts with the State of Ohio Department of Mental Health (hereafter Department of Mental Health). Appellee is a certified public accounting firm that performs tax services, including audits of client records. Appellee had an agreement with the Eastern Miami Valley Mental Health Services Board to provide auditing services to several public entities, including Appellant. As such, Appellee audited Appellant's finances for the 1998 fiscal year and provided a report of the audit to Appellant in June 1999. Appellee did not indicate that Appellant had any outstanding debts to the Department of Mental Health.
 {¶ 3} On December 21, 2001, the Department of Mental Health contacted Appellant and indicated that Appellant had been overpaid $75,571.13 in the 1998 fiscal year on a Medicaid contract. Moreover, the Department of Mental Health indicated that Appellant would be required to reimburse the Department of Mental Health the amount overpaid. This overpayment was not indicated in Appellee's June 1999 report. Appellant laid off non-clinical and non-revenue producing staff members to cover the debt owed.
 {¶ 4} On September 2, 2004 Appellant filed a complaint in the Greene County Common Pleas Court alleging that Appellee acted negligently and committed professional malpractice when it failed to disclose the 1998 fiscal year overpayment from the Department of Mental Health in its audit report. Appellee filed a motion to dismiss on September 14, 2004, alleging that Appellant's claims were time barred because the complaint was filed after the statute of limitations had run. Appellant filed a motion in opposition and Appellee filed a reply on the issue.
 {¶ 5} On December 1, 2004, the trial court entered a judgment denying Appellee's motion to dismiss. The trial court stated that the suit was not time barred because the statute of limitations began to run when the Department of Mental Health notified Appellant of the debt, rather than when the auditing services were completed. Thereafter, Appellee filed an answer asserting numerous defenses, including that the suit was barred by the statute of limitations.
 {¶ 6} Appellee filed a motion to reconsider the judgment on December 29, 2004. Appellee argued that because the Ohio Supreme Court had previously held that the discovery rule was inapplicable to claims of professional negligence and this Court has previously rejected the delayed occurrence of damages rule, the trial court should reverse its ruling allowing the case to proceed on the merits. After Appellant filed a motion in opposition and Appellee filed a reply motion, the trial court set dates for the pretrial conference and the trial. On February 7, 2004, the trial court granted Appellee's motion to reconsider and dismissed the complaint as time barred. The trial court found that the injury occurred at the time of the audit's completion, rather than at the time Appellant was notified of the overpayment.
 {¶ 7} Appellant appealed, arguing the that trial court was incorrect in granting Appellee's motion to reconsider because the trial court should have applied the delayed occurrence of damages rule as it did in its original decision on the issue. Appellant further contends that despite the fact that the delayed occurrence of damages rule is normally inapplicable to professional negligence claims, it is appropriate in this case because the rule is used in professional negligence claims involving alleged negligent tax preparation. Appellant also claims that the audit in this case constituted tax preparation. We disagree.
 {¶ 8} When reviewing a judgment granting a Civ. R. 12(b)(6) motion, an appellate court must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285, 620 N.E.2d 935. This review must focus solely on the complaint, and decline to review the answer or any other material transmitted on appeal. Id. at 286.[1] If a complaint states on its face both that (1) the time that the statute of limitations begins to run and (2) the time of filing the complaint which indicates the statute of limitations has expired, the complaint fails to state a cause of action under Civ. R. 12(b)(6). Moran v. Cleveland (1989),58 Ohio App.3d 9, 567 N.E.2d 1317. A motion to dismiss based on the bar of the statute of limitations may not be granted if the complaint does not conclusively show on its face the action is barred. Velotta v.Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 433 N.E.2d 147.
 {¶ 9} Appellant's complaint does specifically state three critical dates to the determination of this action. The first is June 1999, when Appellee delivered the audit report to Appellant. The second is December 21, 2001, when Appellant learned of the overpayment on the Medicaid contract. The third is September 2, 2004, the date of the Greene County Clerk of Courts timestamp on the complaint. Either the statute of limitations ran from June 1999 with the delivery of the report, or it ran from December 21, 2001 when Appellant discovered the overpayment. There is no question of fact at issue for this Court to review, only the bare legal question whether Appellant properly brought this action within the allowable time under the statute of limitations. Therefore, whichever date is correct for the computation of the statute of limitations, the complaint on its face establishes when the relevant action occurred.
 {¶ 10} Claims of accountant negligence and malpractice fall under the four year statute of limitations. R.C. 2305.09. The statute of limitations begins to run when the negligent act occurs. Investors REITOne v. Jacobs (1989), 46 Ohio St.3d 176, 182, 546 N.E.2d 206. The discovery rule, which tolls the running of the statute of limitations until an injured party discovers the injury, does not apply in professional negligence cases. Id. The rules promulgated in Investors REITOne were reaffirmed by the Ohio Supreme Court in Grant Thornton v.Windsor Homes, Inc. (1991), 57 Ohio St.3d 158, 566 N.E.2d 1220. In GrantThornton, a nursing home was audited in 1980 by a private auditor who had contracted with the state to audit the financial records of various care providers. Id. In 1982, two years after the audit, a state agency contacted the nursing home, indicated that the nursing home had been overpaid, and requested immediate repayment. Id. at 159. In 1985, the nursing home asserted claims against the auditor for professional negligence and malpractice. Id. The trial court concluded that the nursing home's claims fell under the four year statute of limitations in professional negligence cases. Id. The trial court determined that the cause of action arose in 1980 when the audit was completed and dismissed the claims as time barred. Id. The nursing home appealed, claiming that the statute of limitations for its claims against the auditor could not begin until the state agency indicated the overpayment in 1982. Id. at 160. The Ohio Supreme Court disagreed with the nursing home's contention and held that the statute of limitations began to run when the nursing home was audited, not when the state agency requested reimbursement of overpayment. Id.
 {¶ 11} This case is factually similar to Grant Thornton in several respects. First, like in Grant Thornton, a state agency overpaid Appellant for the public services Appellant had previously provided. Second, there was a significant period between when Appellant was audited and when Appellant discovered the discrepancy. Third, there was a period of time which lapsed between when the overpayment was discovered and when Appellant decided it prudent to bring a claim for professional negligence (discussed in greater detail infra).
 {¶ 12} This Court has followed both Investors and Grant Thornton by holding that the discovery rule will not be applied in accountant negligence cases. Rihm v. Wade (Dec. 10, 1999), Montgomery App. No. 17802, at 4. Further, this Court discussed how other districts have chosen to apply a delayed occurrence of damages rule in cases involving tax preparation. Id. In a tax preparation case where an accountant negligently failed to file specific necessary tax forms, the Sixth District held that the statute of limitations began to run when the IRS notified the taxpayer of the penalty that had been assessed as a result of the oversight. Grey v. Estate of Barry (1995), 101 Ohio App.3d 764,768, 656 N.E.2d 729. The Court held in Grey that a cause of action could not be maintained for professional negligence until an actionable injury occurred. Id. Even though the negligence occurred when the accountant failed to file the requisite forms, the taxpayer was not injured until the IRS levied a penalty for the omission. Id. This logic squares with the Ninth District's holding, prior to Investors and GrantThornton, that the statute of limitations in a case of negligent tax preparation begins to run when the taxes and any necessary penalties are assessed, not the date when the accounting services are rendered. Sladkyv. Lomax (1988), 43 Ohio App.3d 4, 538 N.E.2d 1089.
 {¶ 13} There are several important practical reasons that necessitate the courts distinguishing tax preparation from tax advice in professional negligence cases. Tax preparation differs from tax advice because tax preparation requires the compiling of crucial financial information to complete and submit tax forms to the IRS. If taxes are negligently prepared, the taxpayer may not be assessed any penalty by the IRS until sometime later. As the IRS has six years to assess penalties for tax filing errors, applying the four year statute of limitations from the date negligently prepared taxes are filed would risk "an illogical and inequitable result, namely, that appellants' claims against appellees would be time-barred before appellants' damages even manifested themselves." Fritz v. Bruner Cox, L.L.P. (2001), 142 Ohio App.3d 664,669, 756 N.E.2d 740 (emphasis in the original).
 {¶ 14} On the other hand, tax advice involves a tax professional discussing the potential benefits and drawbacks of certain types of financial activities, tax deductions, and investments with their clients based on the clients' long term goals, short term earnings, and risk tolerance. Tax advice involves the client to a greater degree, in that the client must take the advice and make a decision as to how to proceed. This is quite different from tax preparation, where a client is unlikely to reopen sealed envelopes to the IRS on April 15 to ensure that the tax preparer has enclosed all of the necessary paperwork. This quintessential difference in the client's potential level of awareness and potential ability to rectify any previous missteps has guided courts in carving out this distinction in professional negligence cases.
 {¶ 15} Appellant contends that the auditing services received were tax preparation rather than tax advice, and as such a delayed occurrence of damages rule should apply. However, Appellant's contention is misplaced. Appellant failed to recognize that the auditing services provided in this case do not constitute tax preparation. Appellant demonstrated in its pleadings and its appellate brief that Appellee reviewed Appellant's financial records for the fiscal year 1998. Appellee submitted a report discussing its review and its conclusions about Appellant's financial situation for that year. In Grey, Sladky, and Fritz, which Appellant cited to support its position, the professionals took physical control and primary responsibility for the satisfactory completion and collection of the tax forms and documents required by the IRS. Appellant made no mention of Appellee completing any tax forms, gathering any necessary tax documents, or in any other way generating anything for submission to federal, state, or local tax authorities. While Appellant may have referenced this audit to assist in its tax preparation, that seems a step too removed for the audit itself to constitute tax preparation.
 {¶ 16} The case law indicates that the relevant time frame for the statute of limitations began to run in June 1999 with the delivery of the audit report, not when Appellant discovered the overpayment on December 21, 2001. Since the statute of limitations ran four years from the date of the alleged negligence, the time to file an action based on that alleged negligence ran out in June 2003. As the Greene County Clerk of Courts timestamp indicates that the complaint was filed September 2, 2004, the four year statute of limitations had run out over one year before Appellant filed the instant complaint. Therefore, even while Appellant may urge this Court to come to a contrary result, the trial court properly granted the 12(b)(6) dismissal because the complaint on its face demonstrates that the action was time barred.
 {¶ 17} While the results of such a holding may seem harsh, especially in cases where damages do not manifest themselves until after the statute of limitations has run, neither the Supreme Court nor the legislature has altered the broad and explicit language of Investors or Grant Thornton.Fronczak v. Arthur Andersen, L.L.P. (1997), 124 Ohio App.3d 240, 245,705 N.E.2d 1283. It is disconcerting that an injured party, under the law as it currently is applied, could conceivably be unable to bring a cause of action against an offending party if the injury was not discovered until after the statute of limitations had run.
 {¶ 18} However, there is no such harsh result in this case. The alleged error occurred in June 1999 when the audit was performed. Appellant discovered the error in December 2001, when the Department of Mental Health contacted Appellant about the overpayment, yet Appellant did not bring suit until September 2004. The statute of limitations ran out in June 2003, leaving Appellant well over a year from the time of the error's discovery to file suit. For whatever reason, Appellant did not file the suit until September 2004, almost three years after the error's discovery. It seems disingenuous for Appellant to argue that the rules promulgated by the Ohio Supreme Court and followed by this Court offer insufficient protection from an unjust result when Appellant's unexplained delay in initiating this action was longer than the time between the audit and the overpayment's discovery. As such, Appellant has failed to provide this Court with a compelling reason why this result is unwarranted.
 {¶ 19} For the foregoing reasons, the trial court's dismissal of Appellant's claim as time barred is AFFIRMED.
Donovan, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] It must be noted that this case involves a bit of a procedural snafu. Appellee filed an answer because its motion to dismiss was denied initially and it appeared that the case would proceed. Normally when a trial court considers matters outside of the complaint, it converts a Rule 12(b)(6) motion into a motion for summary judgment, and must notify the parties of the conversion. State ex rel Baran v. Fuerst (1990),55 Ohio St.3d 94, 563 N.E.2d 713. In this case, however, while Appellee filed an answer, the trial court did not reference the answer in its decision granting Appellee's motion to reconsider. Moreover, nothing in the judgment indicates that the answer or anything other than the complaint and the case law about the statute of limitations in accountant negligence cases was considered. Therefore, this Court reviews the order of dismissal and the complaint as a grant of a 12(b)(6) motion rather than a converted summary judgment motion.